UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TIRON BEANE, | Case No. 15-CV-0567 (DWF/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WALKER LAW OFFICES P.A.; WILLIAM L. WALKER; and KENYA C. BODDEN, | |
| Defendants. | |

---

Plaintiff Tiron Beane, a prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. He did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. In an order dated February 26, 2015, this Court ordered Beane to pay an initial partial filing fee of at least $19.09 within 20 days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* 28 U.S.C. § 1915(b); Fed. R. Civ. P. 41(b).

Beane has not paid this initial partial filing fee. Instead, Beane asks that the Court waive the initial partial filing fee, as he has initiated several cases in this District at the same time and is unable to pay the initial partial filing fee in each of those cases. *See* ECF No. 6. Based on that claim and Beane's prior financial representations, this Court finds that Beane has "no assets and no means by which to pay the initial partial filing fee," and it will allow this case to proceed to screening, notwithstanding Beane's failure to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Beane remains responsible for the $350.00 filing fee, which must be paid over time in installments from his prison trust account. *See* 28 U.S.C. § 1915(b)(2).

Based on the information provided by Beane in his IFP application, the Court finds that Beane qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Beane alleges that his former attorneys — defendants William L. Walker, Kenya C. Bodden, and Walker Law Offices, P.A. — violated various rules of professional conduct in their representation of Beane in a civil-rights action brought several years ago. Based on these allegations of misconduct, Beane seeks monetary relief under § 1983. *See* Compl. at 3 [ECF No. 1]. "To recover under § 1983, a plaintiff must prove '(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" *McDonald v. City of St. Paul*, 679 F.3d 698, 704 (8th Cir. 2012)

(quoting *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001)).  Beane's § 1983 claims fail each of the first two prongs:

First, Beane has not adequately alleged the violation of any constitutional right.  Beane's complaint appears to be premised on the argument that he was denied effective assistance of counsel in the previous civil lawsuit due to his attorneys' unprofessional conduct.  But "there is no constitutional or statutory right to effective assistance of counsel in a civil case."  *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988) (quotation omitted).  It therefore follows that a plaintiff may not bring a § 1983 claim based on allegations of ineffective assistance of counsel in a civil case, as the plaintiff has not been deprived of a constitutional or statutory right even if his allegations of ineffective assistance are proved true.  *See Keene Corp. v. Cass*, 908 F.2d 293, 297 n.3 (8th Cir. 1990).

Second, there is no allegation in the complaint that Walker, Bodden, or the Walker Law Offices are state actors, or that their alleged misconduct was part of a joint action with the state or its agents.  *See Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997).  Instead, those individuals were privately retained attorneys who, even on the allegations raised in the complaint, at no point acted under color of state law.  *See* Compl. at 1.  Accordingly, Beane cannot bring claims under § 1983 against those individuals.  For those reasons, this Court recommends that Beane's claims under § 1983 be summarily dismissed with prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Beane is a pro se litigant, he is entitled to a liberal reading of his complaint.  This Court believes that the claims brought by Beane in this litigation are more properly cast as claims of negligence or legal malpractice under state law than claims of constitutional violations

under federal law.  That said, Beane cannot pursue those state-law claims in this venue at this time, as the Court lacks original jurisdiction over those claims.  Beane does not allege that diversity of citizenship exists among the parties, and it does not appear to this Court that diversity of citizenship is likely in this case.  Beane is by all indications a citizen of Minnesota.  He is attempting to sue a professional association located in Minnesota and two attorneys who work for that professional association.  *See* Compl. at 1.  By all appearances, then, 28 U.S.C. § 1332(a) does not confer original jurisdiction to this Court.  Beane's state-law claims obviously do not arise under federal law, and thus 28 U.S.C. § 1331 does not confer the Court jurisdiction over those claims, either.  And finally, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Because the Court lacks jurisdiction over the remaining state-law claims, it recommends that those claims be summarily dismissed without prejudice under § 1915(e)(2)(b)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Tiron Beane's request to waive the initial partial filing fee [ECF No. 6] is GRANTED, as described above.

2. Beane's claims under § 1983 be SUMMARILY DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(b)(ii).

3. Beane's remaining state-law claims be SUMMARILY DISMISSED WITHOUT PREJUDICE under § 1915(e)(2)(b)(ii).

Dated: April 3, 2015                     *s/ Jeffrey J. Keyes*
                                         JEFFREY J. KEYES
                                         United States Magistrate Judge


**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 17, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.